**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-40330**
**Summary Calendar**

---

**JOSE INEZ ZAPATA,**

Petitioner-Appellant,

**versus**

**MICHAEL PURDY, Warden,**

Respondent-Appellee.

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-01-CV-120)**

---

October 10, 2002

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Inez Zapata, federal prisoner # 24881-077, appeals *pro se* the denial of his 28 U.S.C. § 2241 petition in which he challenged his convictions in 1994 for conspiracy to distribute cocaine and for conspiracy to distribute marijuana. (His motion for appointment of counsel for this appeal is **DENIED**.)

For the first time on appeal, Zapata contends: (1) the jury instructions, which stated that the evidence did not have to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish that all or any of the overt acts alleged had been committed, reduced the charges against him; (2) he was entitled to a lesser included offense instruction; and (3) counsel was ineffective for failing to raise these same arguments. These newly raised legal claims are not reviewable for the first time on appeal. *See, e.g., Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied* 528 U.S. 1138 (2000).

Zapata has been previously denied leave to file a successive § 2255 petition asserting the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by failing to instruct the jury to find drug quantity beyond a reasonable doubt. He contends he can now bring this claim in a § 2241 petition, via the savings clause of 28 U.S.C. § 2255.

To trigger § 2255's savings clause, a habeas petitioner's claim: (1) must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent *offense*; and (2) must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 28 U.S.C. § 2255 motion. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "*Apprendi* implicates only the validity of the sentence" and "has no effect on whether the facts of his case would support [the] conviction for the substantive offense". *Wesson v. U.S. Penitentiary Beaumont, Tx.*, ___ F.3d ___ (5th Cir. 5 Sept.

2

2002, No. 01-41000), 2002 WL 31006173 at *4.  Therefore, Zapata's "*Apprendi* argument ... does not amount to a claim that he was convicted of a nonexistent offense as required by the *Reyes-Requena* savings clause test". *Id.*

*AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED*