IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40606
Conference Calendar
_____

DEWEY WAYNE SALTER,

                                            Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

                                            Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-488
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dewey Wayne Salter, federal prisoner # 19375-001, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition. Salter's petition challenged alleged errors at sentencing and should have been brought pursuant to 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Salter argues that the district court's dismissal of his petition because it failed to satisfy the "savings clause" of 28 U.S.C. § 2255 violates the Suspension Clause. However, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"savings clause" of 28 U.S.C. § 2255 does not violate the Suspension Clause. See Reyes-Requena v. United States, 243 F.3d 893, 901 n.19 (5th Cir. 2001).

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Salter argues that he met the requirements of the "savings clause" because he is actually innocent of sentence enhancements for being a leader or organizer and for vulnerable victim, which were not alleged in his indictment and resulted in an increased guideline range. Salter received a 42-month sentence for wire/mail fraud offenses and a consecutive 120-month sentence for money laundering offenses.

The statutory maximum for wire/mail fraud is five years, see 18 U.S.C. §§ 1341 and 1343, and the statutory maximum for money laundering is ten years. See 18 U.S.C. § 1957. The district court had the discretion to order consecutive sentences, and Salter's sentence did not exceed the statutory maximum. Thus, Apprendi is inapplicable. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001); see also 18 U.S.C. § 3584. Moreover, this court has recently held that Apprendi does not apply retroactively to cases on collateral review and that an Apprendi claim does not satisfy the first prong of the Reyes-Requena test for filing a 28 U.S.C. § 2241 petition under the savings clause. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002).

AFFIRMED.