IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11395
Conference Calendar
_____


ALEXANDER E. EGBUNIWE,

                                        Petitioner-Appellant,

versus

RALPH PAYNE, Warden,

                                        Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-76
- - - - - - - - - - -
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Alexander E. Egbuniwe, federal prisoner # 95180-012, was

convicted of conspiracy to possess with intent to distribute

heroin and possession with intent to distribute heroin.  He

appeals the district court's dismissal of his 28 U.S.C. § 2241

petition, arguing that he qualifies for relief under the savings

clause of 28 U.S.C. § 2255.  He asserts that his conviction and

sentence are invalid under Apprendi v. New Jersey, 530 U.S. 466

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(2002), his indictment was deficient, the conspiracy charges against him were unfounded, and he was punished twice for the same offense.

This court has recently held that <u>Apprendi</u> does not apply retroactively to cases on collateral review and that an <u>Apprendi</u> claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause. <u>See</u> <u>Wesson v. U.S. Penitentiary, Beaumont, TX</u>, 305 F.3d 343, 347-48 (5th Cir. 2002). The other issues raised in Egbuniwe's petition were not adequately raised below and also fail to meet the standard for proceeding under the savings clause. <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2002); <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the district court's dismissal of Egbuniwe's petition is AFFIRMED.