IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40847
Conference Calendar
_____


PETER OKECHUKWU AJAEGBU,

                                        Petitioner-Appellant,

versus

JOHN TOMBONE, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-141
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Peter Ajaegbu ("Ajaegbu"), federal inmate # 24189-077,
appeals the district court's dismissal of his 28 U.S.C. § 2241
petition for lack of jurisdiction.  Ajaegbu's 28 U.S.C. § 2241
petition challenged his conviction for conspiracy to import
heroin into the United States.  Ajaegbu argues that the
indictment and jury instruction were defective under Apprendi v.
New Jersey, 530 U.S. 466 (2000).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In order to challenge his conviction under 28 U.S.C. § 2241, Ajaegbu must show that 28 U.S.C. § 2255 provides him with an inadequate or ineffective remedy. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Ajaegbu must establish that (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

This court recently rejected a petitioner's savings clause argument based on Apprendi, holding that the petitioner could not satisfy the first prong of Reyes-Requena because Apprendi is not retroactive on collateral review. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002).

Accordingly, the district court's dismissal of Ajaegbu's 28 U.S.C. § 2241 petition is AFFIRMED.