IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41050
Conference Calendar

_____

MELVIN DEWAYNE SMITH,

                                        Petitioner-Appellant,

versus

JOHN M. TOMBONE, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-262
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Melvin DeWayne Smith, federal prisoner # 66584-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Smith pleaded guilty to one count of engaging in a continuing criminal enterprise (CCE) to possess with intent to distribute controlled substances. Smith has filed a motion to supplement his brief and has requested that the court issue a new briefing schedule. Smith's motions are DENIED.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Smith argues that his 10-year supervised-release term violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and that his two-level sentencing enhancement for firearm possession violates <u>Richardson v. United States</u>, 526 U.S. 813 (1999), and <u>Apprendi</u>. These newly-raised legal claims are not reviewable for the first time on appeal. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).

Smith argues that the indictment in his case failed to charge a drug quantity in violation of <u>Apprendi</u> and that the "savings clause" of 28 U.S.C. § 2255 applies to allow him to pursue 28 U.S.C. § 2241 relief. Smith also seeks to supplement his argument that the indictment failed to charge the underlying CCE conduct in violation of <u>Richardson</u>.

<u>Apprendi</u> does not apply retroactively to cases on collateral review. <u>Wesson v. U.S. Penitentiary Beaumont, TX</u>, 305 F.3d 343, 347-48 (5th Cir. 2002). Accordingly, Smith cannot make a showing sufficient to invoke the "savings clause" of 28 U.S.C. § 2255 to pursue 28 U.S.C. § 2241 relief. <u>Id.</u> Similarly, Smith's <u>Richardson</u> claims fail as the <u>Richardson</u> decision had no effect on whether the facts in Smith's case would support his conviction for a substantive offense. <u>See</u> <u>Wesson</u>, 305 F.3d at 347-48. The judgment of the district court is AFFIRMED.