IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50555
Conference Calendar
_____

JUAN ERNESTO CASTRO-CUELLAR,

Petitioner-Appellant,

versus

R. D. MILES, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-703-SS
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Juan Ernesto Castro-Cuellar, federal prisoner # 44214-080,
appeals the district court's dismissal of his 28 U.S.C. § 2241
petition in which he challenged his 1992 convictions for various
drug-related offenses stemming from his involvement in a large
marijuana importation ring.  He has also moved for appointment of
counsel on appeal.  That motion is DENIED.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Castro argues that the district court erred in determining that he had not demonstrated that relief under 28 U.S.C. § 2255 was inadequate or ineffective so as to qualify for relief under 28 U.S.C. § 2241.  He contends that his reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000), qualifies him for such relief under the "savings clause" of 28 U.S.C. § 2255 as established by Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Castro is incorrect.  He does not satisfy the first prong of the Reyes-Requena test because Apprendi is not retroactive to cases on collateral review.  See Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 348 (5th Cir. 2002).

Castro has not argued on appeal any of the other issues he raised in his 28 U.S.C. § 2241 petition; thus those claims are waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Castro does argue, for the first time on appeal, that hearsay evidence was improperly used to convict him of using a minor child in connection with his drug offense.  This newly raised issue is not reviewable for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

MOTION FOR APPOINTMENT OF COUNSEL DENIED; AFFIRMED.