IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50910
Conference Calendar
_____

RAMIRO PEDRO ADAMES,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-421-JN
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Ramiro Pedro Adames, federal prisoner # 28777-079, was
convicted of conspiracy to distribute marijuana and was sentenced
to a term of imprisonment of 240 months to be followed by a ten-
year term of supervised release.  He is appealing the denial of
his 28 U.S.C. § 2241 petition in which he alleged that he was
sentenced in violation of the Constitution in light of the
decision in Apprendi v. New Jersey 530 U.S. 466 (2000).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A 28 U.S.C. § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" if the petitioner establishes that the remedy provided for under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). This court has recently held that Apprendi does not apply retroactively to cases on collateral review and that an Apprendi claim does not satisfy the test for filing a 28 U.S.C. § 2241 petition under the savings clause. See Wesson v. U.S. Penitentiary, Beaumont, Tx., 305 F.3d 343, 347-48 (5th Cir. 2002).

Accordingly, the district court's denial of the motion is AFFIRMED. Adames' motion to file an out-of-time reply brief is GRANTED.