IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-40670
Conference Calendar

———————————

SANTOS NEGRON,

                                        Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-484
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Santos Negron, federal prisoner # 40480-053, appeals from the district court's denial of his FED. R. CIV. P. 60(b) motion following the dismissal of his 28 U.S.C. § 2241 motion for habeas relief. This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Negron's 28 U.S.C. § 2241 petition challenged his conviction, he had to show that 28 U.S.C. § 2255 provided him with an inadequate or ineffective remedy. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Citing Rutledge v. United States, 517 U.S. 292 (1996), and Apprendi v. New Jersey, 530 U.S. 466 (2000), Negron argues that his convictions for both conspiracy and participating in a continuing criminal enterprise (CCE) violate the Double Jeopardy Clause, and that his indictment was defective for failing to allege drug quantities. Negron further asserts that, under Richardson v. United States, 526 U.S. 813 (1999), his CCE conviction is defective because the jury was permitted to consider uncharged conduct when determining the series of predicate violations comprising that count.

We have held that alleged indictment errors under Apprendi and Richardson fail to satisfy the first prong of the Reyes-Requena test because such claims do not demonstrate that a defendant was convicted of a nonexistent offense. See Wesson v.

<u>U.S. Penitentiary Beaumont, TX</u>, 305 F.3d 343, 347-48 (5th Cir. 2002). Similarly, Negron's double jeopardy argument fails to meet the second prong of the <u>Reyes-Requena</u> test since <u>Rutledge</u>, decided in 1996, was available to Negron well before the time he filed his 28 U.S.C. § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904.

Because Negron does not meet the test set forth in <u>Reyes-Requena</u> for satisfying 28 U.S.C. § 2255's savings clause provisions, the district court did not abuse its discretion in denying his FED. R. CIV. P. 60(b) motion. <u>Eskenazi</u>, 635 F.2d at 402. Accordingly, we affirm.

AFFIRMED.