IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60196
Conference Calendar
_____

CHARLIE WEST SCOTT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-72-RG
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charlie West Scott, now federal prisoner #02199-043, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition raising a challenge pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), to his conviction and sentence for conspiring to possess with the intent to distribute cocaine base, possessing with the intent to distribute cocaine base, and possessing with the intent to distribute cocaine base within 1,000 feet of a school. Scott argues that he is entitled to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raise Apprendi claims in a 28 U.S.C. § 2241 petition, that the drug quantity should have been alleged in his indictment, and that the issue of drug quantity should have been submitted to the jury, who could not have found him responsible for the quantity of drugs attributed to him at sentencing.

Under the "savings clause" of 28 U.S.C. § 2255, a 28 U.S.C. § 2241 petition that attacks custody resulting from a federal sentence may be entertained only if the petitioner establishes that the 28 U.S.C. § 2255 remedy is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). The savings clause applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Because Apprendi is not retroactively applicable on collateral review, Scott's Apprendi claims do not satisfy the requirements of the savings clause and thus cannot be raised in a 28 U.S.C. § 2241 petition. See Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 347 (5th Cir. 2002).

AFFIRMED.