United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-41052
Summary Calendar

————————————————

KELVIN LOVE

                    Petitioner - Appellant

     v.

MICHAEL A PURDY, Warden

                    Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-322
--------------------

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    Kelvin Love, federal prisoner # 09677-035, appeals the

dismissal of his 28 U.S.C. § 2241 petition challenging his guilty

plea conviction for possession of cocaine base and cocaine

hydrochloride with intent to distribute.  Relying upon Apprendi

v. New Jersey, 530 U.S. 466 (2000) and Rule 11 of the Federal

Rules of Criminal Procedure, Love argues that his guilty plea was

not knowing and voluntary because he was not told that drug

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

quantity was an element of the charge against him and because he was not informed of the rights he was waiving until immediately after he pleaded guilty.  He contends that his claims may be brought in a 28 U.S.C. § 2241 petition because Apprendi was not decided until after his conviction was final and because the district court did not rule on his Rule 11 claim in his 28 U.S.C. § 2255 motion.

Love's claims may not be brought under 28 U.S.C. § 2241 because they are not based upon a retroactively applicable Supreme Court case that establishes that he may have been convicted of a nonexistent offense and because his claims were not foreclosed by circuit law at the time of his trial. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Apprendi claims do not satisfy the test for filing a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255.  Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002).  The failure to follow the formal requirements of Rule 11 of the Federal Rules of Criminal Procedure is also insufficient to invoke habeas relief.  United States v. Timmreck, 441 U.S. 780, 785 (1979).  The district court's dismissal of Love's 28 U.S.C. § 2241 petition is, therefore, affirmed.

AFFIRMED.