**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-41000
_____

THOMAS WESSON,

Petitioner - Appellant,

VERSUS

U.S. PENITENTIARY BEAUMONT, TX

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas - Beaumont
Division

_____

September 5, 2002

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

Thomas Wesson appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Based on our conclusion that Wesson's § 2241 petition must be treated as a petition under § 2255, and that Wesson cannot show that he is entitled to bring the petition under the savings clause of § 2255, we affirm.

I.

Thomas Wesson was convicted after a jury trial of, among other offenses, conspiracy to possess and to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846

(count 1), engaging in a continuing criminal enterprise (CCE) in violation of § 848 (count 2), and distributing heroin in violation of § 841(a)(1) (counts 4 through 8, 10, 11, 15, and 17). See United States v. Wesson, 33 F.3d 788, 790, 790-91 (7th Cir. 1994). Wesson was sentenced to concurrent sentences of life imprisonment on the conspiracy and CCE convictions and 240 months' imprisonment on each of the distribution convictions. Id. at 791. The court also sentenced Wesson to supervised release for life. Id. His convictions and sentences were affirmed on appeal, and the Supreme Court denied Wesson's petition for a writ of certiorari. Id. at 799; Steele v. United States, 513 U.S. 1100 (1995).

Wesson's 28 U.S.C. § 2255 motion was denied, and the Seventh Circuit denied Wesson's request for COA. United States v. Wesson, No. 97 C 7339 (N.D. Ill. Jan. 22, 1998), 1998 WL 30695; see R. 3, 29-30. The Seventh Circuit also denied Wesson's request to file a successive § 2255 motion.

Wesson then filed the instant § 2241 petition in the Eastern District of Texas, raising claims under Richardson v. United States, 526 U.S. 813 (1999), and Apprendi v. New Jersey, 530 U.S. 466 (2000). He argued that Richardson and Apprendi were retroactive to cases on collateral review and that he should be able to pursue his claims in a § 2241 petition because his remedy under § 2255 was inadequate and ineffective. He also argued that his confinement violated the International Covenant on Civil and Political Rights.

2

The district court determined that Wesson's § 2241 petition was actually a § 2255 motion because he was attacking the validity of his sentence, not the manner in which it was being executed. The district court dismissed his petition because Wesson had not shown that he was entitled to bring the petition under the savings clause of § 2255. Specifically, he had not shown that he was convicted of a "nonexistent offense" as required by the actual innocence prong of Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). Wesson filed a timely notice of appeal.

## II.

Because Wesson is proceeding under § 2241, he is not required to obtain a certificate of appealability to proceed on appeal. See Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997). In reviewing the denial of habeas relief, a district court's findings of fact are reviewed for clear error and issues of law are reviewed *de novo*. Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

## III.

Wesson argues that his indictment was defective because it did not allege the series of violations on which his CCE conviction was based (as required under Richardson) and because it did not allege a drug quantity with respect to his drug distribution convictions (as required under Apprendi). He contends that the defective indictment deprived the court of jurisdiction, that this jurisdictional defect cannot be procedurally defaulted, and that if

3

he cannot bring this claim under § 2255, he must be able to bring this claim under § 2241.

Wesson's argument is without merit based upon recent decisions by the Supreme Court, see United States v. Cotton, 122 S. Ct. 1781, 1785-86 (2002), and this court, see United States v. Longoria, __ F.3d ____ (5th Cir. July 12, 2002, No. 00-50405) (en banc) and United States v. Gonzalez, ____ F.3d ____ (5th Cir. July 12, 2002, No. 00-50406) (en banc). In Cotton, the Supreme Court held that defects in an indictment are nonjurisdictional. Cotton, 122 S. Ct. at 1784-85. In Longoria and Gonzalez, this court considered whether the appellants' indictments were defective under Apprendi because the indictments failed to state a drug quantity. On rehearing *en banc*, this court recognized that Cotton overruled this court's precedent that defects in the indictment were jurisdictional. Accordingly, Wesson's claim that his defective indictment deprived the court of jurisdiction is meritless.

IV.

Wesson argues that the Reyes-Requena test, which requires a showing of actual innocence in order to invoke the savings clause of § 2255, impermissibly denies him his constitutional right to file a habeas petition. In his view, the savings clause of § 2255 provides a means to petition the courts for the issuance of the "Great Writ" when § 2255 is inadequate or unavailable. He thus argues that he may proceed by virtue of the savings clause of §

4

2255 simply because § 2255 is not available to him, without regard to his actual innocence. Alternatively, he argues that, because § 2255 is not available to him, he must be able to pursue habeas relief pursuant to the Great Writ. He contends that if neither § 2255 nor the Great Writ is available for him to test the legality of his conviction, then an unconstitutional suspension of the writ has occurred.

Wesson's argument is without merit. This court must apply the Reyes-Requena actual innocence test as the binding precedent in this circuit, and the district court correctly relied upon Reyes-Requena in its evaluation of whether Wesson should be able to proceed under the savings clause of § 2255. Moreover, this court has held that the savings clause under § 2255 does not violate the Suspension Clause. See Reyes-Requena, 243 F.3d at 893, 901 n.19.

Wesson also argues that he has made a sufficient showing to invoke the savings clause of § 2255 because he is actually innocent of the aggravated drug offenses for which he was sentenced. Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him with an inadequate or ineffective remedy, he may proceed by way of § 2241. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). To do so, Wesson must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal,

5

or first § 2255 motion.  See Reyes-Requena, 243 F.3d at 904.  The burden of coming forward with evidence to show the inadequacy of § 2255 "rests squarely on the petitioner."  Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 423 U.S. 1066 (2001).

 Wesson cannot meet this burden on either his Apprendi claim or his Richardson claim.  In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490. This court has not previously considered whether a § 2241 petition, raising an Apprendi claim, satisfies the first prong of the Reyes-Requena savings clause test. This requires the petitioner to show that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.  However, applying the Teague analysis, this court and all other circuit courts of appeals that have addressed this issue have held that Apprendi is not retroactive on collateral review of initial § 2255 motions.  See United States v. Brown, ___ F.3d ___, No. 01-10116, (5th Cir. 2002), Curtis v. United States, __ F.3d __, Nos. 01-2826, 01-2827, 2002 WL 1332817, at *3 (7th Cir. June 19, 2002); Goode v. United States, No. 01-1340, 2002 WL 987905, at *2 (6th Cir. May 10, 2002) (unpublished); United States v. Sanchez-Cervantes, 282 F.3d 664, 667 (9th Cir. 2002); United States v. Aguirre, No. 01-3218,

6

2002 WL 188972, at *1 (10th Cir. Feb. 7, 2002) (unpublished); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 2362 (2002); <u>United States v. Moss</u>, 252 F.3d 993, 997 (8th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 848 (2002); <u>United States v. Sanders</u>, 247 F.3d 139, 151 (4th Cir.), <u>cert. denied</u>, 122 S. Ct. 573 (2001). The analysis in these cases applies even more strongly to Wesson's case under § 2241. Accordingly, Wesson cannot make out a sufficient showing to invoke the savings clause on his <u>Apprendi</u> claim.

Neither can he succeed on his <u>Richardson</u> claim. In <u>Jeffers</u>, this court determined that a § 2241 petitioner asserting a <u>Richardson</u> claim with respect to his CCE conviction had failed to satisfy the first prong of the <u>Reyes-Requena</u> savings clause test. <u>Jeffers</u>, 253 F.3d at 830-31. The petitioner, Jeffers, argued that because the jury in his case was not instructed, as required by <u>Richardson</u>, that it had to unanimously convict him on each of the specific violations making up the alleged continuing series of violations, he was not found guilty on an essential element of the CCE charge and was thus actually innocent. <u>Id</u>. at 831. This court rejected Jeffers' contention, explaining that his argument did not amount to a claim that he was convicted for conduct that did not constitute a crime, because the <u>Richardson</u> decision had no effect on whether the facts of the petitioner's case would support his conviction for a substantive offense. <u>Id</u>. While acknowledging

7

that "the lack of an instruction requiring a unanimous jury verdict as to each of the predicate offenses underlying the CCE violation may have been a defect in [the petitioner's] trial," the Jeffers court concluded that "it is not the sort of defect that can support a claim under the savings clause of § 2255." Id.

The reasoning of Jeffers would apply equally to Wesson's Apprendi argument. Wesson fails to show that he was convicted of a nonexistent offense as Apprendi has no effect on whether the facts of his case would support his conviction for the substantive offense. See Jeffers, 253 F.3d at 830-31. Apprendi implicates only the validity of the sentence. This conclusion is supported by the decisions of Cotton, Longoria, and Gonzalez, which after stating that defects in indictments are nonjurisdictional defects, proceeded to affirm the sentences in question. See Cotton, 122 S. Ct. at 1785-87; Longoria/Gonzalez, pp. 11-16. Wesson's Apprendi argument thus does not amount to a claim that he was convicted of a nonexistent offense as required by the Reyes-Requena savings clause test. As in Jeffers, while the indictment's failure to allege drug quantity may have been a defect, "it is not the sort of defect that can support a claim under the savings clause of § 2255." See 253 F.3d at 831.

V.

Finally, Wesson asserts that § 2255 is inadequate or ineffective because it does not provide relief for his claim that

8

his sentence violated a treaty. Wesson's argument that he cannot bring his claim of a treaty violation under § 2255 is unavailing. Relief under § 2255 does extend to treaty violations. See Davis v. United States, 417 U.S. 333, 344 (1974). In any event, Wesson's claim of a violation of the International Covenant on Civil and Political Rights fails because the treaty is self-executing and Congress has not enacted implementing legislation. Thus, habeas relief is not available for such a violation. See United States, ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1063 (8th Cir. 2002); accord Dutton v. Warden, FCI Estill, No. 01-6811 (4th Cir. Feb. 22, 2002), 2002 WL 255520 at *1 (unpublished) (detailing congressional history of treaty).

VI.

For the above reasons, the district court's denial of Wesson's petition for writ of habeas corpus under 28 U.S.C. § 2241 is AFFIRMED.

9