IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40853
Conference Calendar
_____

ALONZO RICHARD,

                                        Petitioner-Appellant,

versus

JONATHON DOBRE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-91
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Alonzo Richard, now federal prisoner # 23088-077, was
convicted of obstructing interstate commerce by robbery, of
carrying a firearm in relation to one of those robberies, and of
being a felon in possession of a firearm.  After an unsuccessful
appeal and 28 U.S.C. § 2255 motion, Richard filed the instant 28
U.S.C. § 2241 petition, challenging the validity of his
indictment under Apprendi v. New Jersey, 530 U.S. 466 (2000),
which the district court denied.  Richard argues that the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred in determining that he had not demonstrated that relief under 28 U.S.C. § 2255 was inadequate or ineffective so as to qualify for relief under 28 U.S.C. § 2241.  He contends that his reliance on Apprendi qualifies him for such relief under the "savings clause" of 28 U.S.C. § 2255 as established by Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Richard is incorrect.  He does not satisfy the first prong of the Reyes-Requena test because Apprendi is not retroactive to cases on collateral review.  See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002).  The district court's judgment is AFFIRMED.  Richard's motion to file supplemental briefs is DENIED.

AFFIRMED; MOTION DENIED.