IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-41511
Conference Calendar

—————————————

TOMMY MERREL JACKSON,

                                        Petitioner-Appellant,

versus

EARNEST CHANDLER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-574
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Tommy Merrel Jackson, federal prisoner No. 27477-077,
appeals the district court's dismissal of his 28 U.S.C. § 2241
petition challenging his conviction and life sentence for
conspiracy to possess with intent to distribute methamphetamine.

        Jackson argued in his § 2241 petition that his sentence
violates Apprendi v. New Jersey, 530 U.S. 466 (2000) because the
district court did not instruct the jury that it was required to

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

make a finding as to drug quantity; thus, he contended that there was no finding beyond a reasonable doubt that he was guilty of conduct involving the quantity of drugs on which his sentence is based. Jackson further argued that the "savings clause" of 28 U.S.C. § 2255 authorized him to bring his Apprendi claim in a § 2241 petition.

To proceed under the savings clause of 28 U.S.C. § 2255, Jackson must show that (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

We recently decided that an Apprendi claim does not satisfy the savings clause test set forth in Reyes-Requena. See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002). Specifically, we held that Apprendi does not apply retroactively to cases on collateral review and that an Apprendi violation does not show that a petitioner was convicted of a nonexistent offense. Id. Accordingly, the district court's dismissal of Jackson's 28 U.S.C. § 2241 petition is AFFIRMED.