IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50833
Conference Calendar
_____

ADAN CHAVEZ,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-464-JN
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Adan Chavez, federal prisoner # 51181-079 ("Chavez") was
convicted in 1991 for conspiracy and possession of marijuana and
cocaine with intent to distribute.  He appeals the district
court's dismissal of his 28 U.S.C. § 2241 petition, arguing that
he is entitled to relief under the "savings clause" of 28 U.S.C.
§ 2255.  Chavez relies on Apprendi v. New Jersey, 530 U.S. 466
(2000), in support of his argument that his conviction and
sentence are invalid because his indictment did not allege a drug

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

quantity.  He argues that <u>Apprendi</u> is a retroactively available decision of the Supreme Court.

"[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).  This court has recently rejected a petitioner's savings-clause argument based on <u>Apprendi</u>, holding that the petitioner could not satisfy the first prong of <u>Reyes-Requena</u> because <u>Apprendi</u> is not retroactive on collateral review.  <u>See</u> <u>Wesson v. U.S. Penitentiary, Beaumont, TX</u>, 305 F.3d 343, 347-48 (5th Cir. 2002).

Accordingly, the district court's dismissal of Chavez's petition is AFFIRMED.