IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50840
Conference Calendar
_____

JUAN MARTINEZ, SR.,

Petitioner-Appellant,

versus

R. D. MILES, Warden, FCI Bastrop,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-419-JN
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Martinez, Sr., federal prisoner # 75066-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his 1997 conviction for conspiring to possess marijuana with intent to distribute and possessing marijuana with intent to distribute. Because Martinez is challenging the sentence imposed pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), his petition is properly construed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a 28 U.S.C. § 2255 motion.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001).

Martinez has not asserted that his Apprendi claim is cognizable under the "savings clause" of 28 U.S.C. § 2255, and any such argument is deemed abandoned.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Moreover, such an argument is unavailing.  Apprendi does not apply retroactively to cases on collateral review, and an Apprendi violation does not establish that a prisoner was convicted of a nonexistent offense. Wesson v. U.S. Penitentiary Beaumont, Tex., 305 F.3d 343, 347-48 (5th Cir. 2002); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  The judgment of the district court is therefore AFFIRMED.