IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50913
Conference Calendar
_____

ROBERTO TORRES, III,

Petitioner-Appellant,

versus

WARDEN FOR FCI, LA TUNA
U.S. PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-42-DB
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roberto Torres, III, appeals from the denial of his 28
U.S.C. § 2241 petition wherein he sought to vacate his conviction
for possession with intent to distribute marijuana and using or
carrying a firearm in relation to a drug crime, in violation of
21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 924.

Torres argues that the district court erred in determining
that his Apprendi v. New Jersey, 530 U.S. 466 (2000), and United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States v. Castillo, 530 U.S. 120 (2000), claims did not meet the criteria for bringing a claim pursuant to the "savings clause" of 28 U.S.C. § 2255.

To the extent that Torres attempts to rely on Apprendi, his argument is foreclosed by this court's decision in Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 346-47 (5th Cir. 2002), wherein we held that Apprendi is not retroactively applicable to cases on collateral review and that an Apprendi violation does not show that a petitioner was convicted of a nonexistent offense.

With regard to his Castillo argument, Torres cannot show that, pursuant to a Supreme Court case that is retroactively applicable to cases on collateral review, he has been convicted of a non-existent offense. See United States v. Reyes-Requena, 243 F.3d 893, 903 (5th Cir. 2001). Accordingly, Torres has not shown that the district court erred in dismissing his petition.

AFFIRMED.