IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50182
Conference Calendar

_____


DANNY CARROLL STEPHENS,

                                        Petitioner-Appellant,

versus

TROY WILLIAMSON; THE DISTRICT OF TEXAS
EL PASO DIVISION,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-141-DB
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Danny Carroll Stephens, federal prisoner #61583-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Stephens 28 U.S.C. § 2241 petition challenged his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

    Stephens's 28 U.S.C. § 2241 petition argued that his indictment was defective under Apprendi v. New Jersey, 530 U.S.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

466 (2000), and that he should be able to bring his Apprendi claim under the "savings clause" of 28 U.S.C. § 2255. To proceed under the savings clause of 28 U.S.C. § 2255, Stephens must show that (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

We recently decided that an Apprendi claim does not satisfy the savings clause test set out by Reyes-Requena. See Wesson v. U.S. Penitentiary Beaumont, TX, ___ F.3d ___, 2002 WL 31006173 at **3-4 (5th Cir. Sept. 5, 2002, No. 01-41000). Specifically, we held that Apprendi is not retroactively applicable to cases on collateral review and that an Apprendi violation does not show that a petitioner was convicted of a nonexistent offense. Id. Accordingly, the district court's dismissal of Stephens' 28 U.S.C. § 2241 petition is AFFIRMED.