IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30823
Conference Calendar
_____

NOLAN MCSWAIN,

                                        Petitioner-Appellant,

versus

CARL CASTERLINE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-833
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     In 1993, Nolan McSwain, federal prisoner # 95006-012, was
convicted in California of conspiracy to possess and distribute
cocaine and possession with intent to distribute cocaine.
McSwain's sentence was enhanced to life imprisonment due to three
prior drug felony convictions.  He filed a habeas corpus petition
under 28 U.S.C. § 2241 challenging his life sentence.  That
petition was dismissed by the district court.  McSwain argues
that he is actually innocent of his sentencing enhancement, that

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Government failed to give him notice of the sentencing enhancement pursuant to 21 U.S.C. § 851, and that the savings clause of 28 U.S.C. § 2255 is unconstitutional.

McSwain relies on Sawyer v. Whitley, 505 U.S. 333 (1992), in support of his actual innocence claim. Because Sawyer was decided before McSwain was convicted and because Sawyer did not legitimize drug-trafficking crimes, McSwain cannot avail himself of the savings clause of 28 U.S.C. § 2255. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Similarly, McSwain's notice argument based on 21 U.S.C. § 851 does not establish that he was convicted of a non-existent offense. See id., 243 F.3d at 904. Finally, McSwain's conclusory argument that the savings clause of 28 U.S.C. § 2255 violates the Suspension Clause, the Due Process Clause, and the Eighth Amendment is without merit. See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002).

AFFIRMED; ALL OUTSTANDING MOTIONS ARE DENIED.