IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60248
Summary Calendar

GAVAN ALLAN PAUL,

Petitioner-Appellant,

versus

KHURDID Z. YASUFF; BUREAU OF PRISONS,

Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-163BrS

March 18, 2003

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gavan Allan Paul, federal prisoner #24976-034, appeals the dismissal by the United States District Court for the Southern District of Mississippi of his 28 U.S.C. § 2241 petition filed in that court in which Paul challenged his conviction and 121 month sentence imposed by the United States District Court for the Eastern District of Louisiana for conspiracy to possess with intent to distribute cocaine. Paul argues only that he is entitled to

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the rule of lenity should have been applied to determine the appropriate sentencing range.

This court has held that *Apprendi* does not apply retroactively to cases on collateral review and that an *Apprendi* claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the "savings clause" of 28 U.S.C. § 2255. *See Wesson v. U.S. Penitentiary, Beaumont, Tx*, 305 F.3d 343, 347-48 (5th Cir. 2002).[1] Paul's "rule of lenity" argument is raised for the first time on appeal and consequently is unreviewable. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Those claims that Paul asserted in his 28 U.S.C. § 2241 petition but did not raise on appeal are waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Based on the foregoing, the district court's dismissal of Paul's 28 U.S.C. § 2241 petition is

AFFIRMED.

---

[1]We note in passing that Paul's 121 month sentence does not exceed the statutory maximum provided for the offense for which he was indicted and convicted, namely conspiracy to possess with intent to distribute any quantity of cocaine. 28 U.S.C. § 841(b)(1)(C).

2