United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21070
Summary Calendar

_____

UHRICO CADENA,

Petitioner-Appellant,

versus

NEIL ADLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-552
--------------------

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Uhrico Cadena, federal prisoner # 57712-080, appeals the

district court's dismissal with prejudice of his 28 U.S.C. § 2241

petition. Cadena argues that his claims fall under the savings

clause of 28 U.S.C. § 2255 because that section is inadequate or

ineffective to test the legality of his imprisonment. He argues

that his sentence violates Apprendi v. New Jersey, 530 U.S. 466

(2000), because no drug amount was proven by the jury and the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jury did not conclude that he was in a leadership position or carried a firearm.

Cadena's inability to meet the requirements for filing a successive motion under 28 U.S.C. § 2255 does not make the remedy under that section inadequate and ineffective.  Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000).  Further, Apprendi does not apply retroactively to cases on collateral review, and an Apprendi claim does not satisfy the test for filing a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255. See Wesson v. U.S. Penitentiary, Beaumont, Tx., 305 F.3d 343, 347-48 (5th Cir. 2002), petition for cert. filed, (Nov. 29, 2002) (No. 02-8768).  Accordingly, the judgment of the district court is AFFIRMED.  Cadena's motions for appointment of counsel and for bail pending his appeal are DENIED.