**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30142
Conference Calendar

REGGIE L. McCOY,

Petitioner-Appellant,

versus

CARL CASTERLINE; JOHN ASHCROFT; UNITED STATES OF AMERICA,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2274
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reggie L. McCoy, federal prisoner #11732-018, appeals from the order dismissing his 28 U.S.C. § 2241 petition. McCoy moves to supplement his brief; the motion is DENIED.

McCoy contends that the district court sentenced him based on a drug quantity and on a prior juvenile drug case that were not alleged in the indictment or presented to the jury. He argues that counsel was ineffective for failing to object to the district court's lack of jurisdiction to impose the sentence;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was deprived of his right to be tried on the charges in his indictment; that his indictment was constructively amended; and that his right against double jeopardy was violated. He relies on *Ring v. Arizona*, 536 U.S. 584 (2002), to contend that he relies on a new rule of constitutional law.

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Apprendi* does not apply retroactively to cases on collateral review. *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1374 (2003). *Ring*, a case involving the death penalty, is inapplicable to McCoy's case. *See Ring*, 536 U.S. at 609. McCoy cannot make a showing sufficient to invoke the "savings clause" of 28 U.S.C. § 2255 to pursue 28 U.S.C. § 2241 relief. *See Wesson*, 305 F.3d at 347.

AFFIRMED. MOTION TO SUPPLEMENT DENIED.