United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60037
Conference Calendar

_____

MARLAN BAUCUM,

                                        Petitioner-Appellant,

versus

GREG WALKER, Director, Bannum Place; UNITED STATES
DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS,

                                        Respondents-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-508-BN
- - - - - - - - - - -

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Marlan Baucum, who is currently on supervised release

following service of a sentence of imprisonment, appeals from

the dismissal with prejudice of his 28 U.S.C. § 2241 petition.

Baucum's sentence was imposed following his conviction on one

count of bank fraud and on multiple counts of wire fraud and

making false statements on credit applications.  See 18 U.S.C.

§§ 1014, 1343, 1344.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Baucum contends that the Government failed at trial to establish that the financial institutions named in his indictment were federally insured, and thus failed to establish jurisdiction.  He asserts that he is entitled to raise a challenge to subject matter jurisdiction at any time.

Because Baucum's petition attacks errors occurring during or before sentencing, 28 U.S.C. § 2255, rather than Section 2241, is the proper means of attacking the errors of which Baucum complains.  See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997). Baucum has made no attempt to show that he satisfies the requirements of the so-called 'savings clause' in 28 U.S.C. § 2255.  See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003). We do not consider Baucum's contention that the rejection of his habeas petition would violate the Suspension Clause because it is raised for the first time in his reply brief.  See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.