**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60324
Conference Calendar

ZARKA J. GARROTT,

Petitioner-Appellant,

versus

UNKNOWN PETTIFORD, Warden,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:02-CV-648-BrS
- - - - - - - - - -

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Zarka J. Garrott, federal prisoner # 03517-025, appeals from the dismissal with prejudice of his 28 U.S.C. § 2241 petition. Garrott's sentence was imposed following his conviction in the Southern District of Illinois on drug-related charges. See 18 U.S.C. §§ 841(a)(1), 846.

Garrott argues that his indictment is invalid because it was not returned in compliance with Rule 6 of the Federal Rules of Criminal Procedure. He submits that because the indictment was invalid, the Illinois district court was without subject matter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction. He argues that he is entitled to raise the issue of subject matter jurisdiction at any time.

We cannot agree with Garrott's contention that he is not attacking trial or sentencing errors, but rather is attacking his current detention. Because Garrott's petition concerns errors allegedly occurring during or before sentencing, 28 U.S.C. § 2255, rather than Section 2241, is the proper means of pursuing his jurisdictional argument. See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997).

"Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him with an inadequate or ineffective remedy, he may proceed by way of § 2241." Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003). Garrott, however, has failed to show that he meets the requirements of the savings clause. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). To the extent that Garrott contends that Section 2255 is inadequate or ineffective to pursue relief based on Apprendi v. New Jersey, 530 U.S. 466 (2000), his argument fails because he cannot make out a sufficient showing to invoke the savings clause on his Apprendi claim. See Wesson, 305 F.3d at 347.

Finally, because he has failed to brief the issue, Garrott has waived any argument regarding the district court's determination that it lacked jurisdiction to consider Garrott's petition as a 28 U.S.C. § 2255 motion. See Yohey v. Collins, 985

F.2d 222, 224-25 (5th Cir. 1993).  The judgment of the district court is AFFIRMED.