United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30186
Conference Calendar
_____

COURTNEY SOLOMON MCKENZIE,

                                        Petitioner-Appellant,

versus

CARL CASTERLINE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1280
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Courtney Solomon McKenzie, federal prisoner # 14900-057,

appeals the district court's dismissal with prejudice of his 28

U.S.C. § 2241 petition.  McKenzie argues that his claims fall

under the savings clause of 28 U.S.C. § 2255 because that section

is inadequate or ineffective to test the legality of his

imprisonment.  His savings clause arguments are premised upon his

contention that the jury did not determine drug quantity and

therefore his constitutional rights were violated when the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing court determined quantity and used its quantity determination when it sentenced McKenzie to life imprisonment.

"[T]he savings clause of [28 U.S.C.] § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). While McKenzie does not cite Apprendi v. New Jersey, 530 U.S. 466 (2000), in his brief, his arguments are nonetheless based on principles set forth in Apprendi. Apprendi does not apply retroactively to cases on collateral review, and an Apprendi claim does not satisfy the test for filing a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255. See Wesson v. U.S. Penitentiary, Beaumont, Tx., 305 F.3d 343, 347-48 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003).

McKenzie's reliance on Sawyer v. Whitley, 505 U.S. 333 (1992), is also misplaced. Sawyer was decided before McKenzie was convicted and did not legitimize drug-trafficking crimes. Therefore, McKenzie cannot use Sawyer to avail himself of the savings clause of 28 U.S.C. § 2255. See Reyes-Requena, 243 F.3d at 904. McKenzie has not met either prong of the Reyes-Requena

test, and thus he cannot use 28 U.S.C. § 2241 to bring his habeas corpus claims challenging his federal sentence.  See id.

Accordingly, the judgment of the district court is AFFIRMED. McKenzie's motion for appointment of counsel is DENIED.