United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10955
Conference Calendar

_____

JOHNIE WISE,

Petitioner-Appellant,

versus

L.E. FLEMING, Warden, Federal Medical Center - Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-224-Y
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Johnie Wise, federal inmate #82281-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. A jury convicted Wise of two counts of threatening to use a weapon of mass destruction and aiding and abetting. United States v. Wise, 221 F.3d 140, 147 (5th Cir. 2000). The district court sentenced Wise to concurrent terms of 292 months of imprisonment and five years of supervised release. Id.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wise asserts that his 28 U.S.C. § 2241 petition satisfied the criteria necessary to proceed under the "savings clause" of 28 U.S.C. § 2255. He contends that his petition raised a novel issue concerning the Government's alleged failure to establish commercial injury. Wise asserts that commercial injury is an essential element of the crime of conviction. He argues that novel claims can never be procedurally barred and that 28 U.S.C. § 2255 is inadequate or ineffective because it does not offer a remedy. He contends that the district court's dismissal of his petition amounts to an unconstitutional suspension of the writ of habeas corpus.

Wise has not met his burden of showing that the remedy provided under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), cert. denied, 537 U.S. 1241 (2003). He has not identified a retroactively applicable Supreme Court decision which establishes that he may have been imprisoned for conduct that was not prohibited by law. He has not shown that his claims were foreclosed by circuit law when the claims should have been raised, i.e., at his trial, on appeal, or in an initial 28 U.S.C. § 2255 motion. Wesson, 305 F.3d at 347.

We have rejected previously Wise's Suspension Clause argument. See id. at 346-47. Accordingly, the judgment of the district court is AFFIRMED.