United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40935
Conference Calendar

DEREK GLEN ADKINS,

Petitioner-Appellant,

versus

N. L. CONNOR, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-213
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derek Glen Adkins, federal prisoner # 24400-077, appeals the
district court's dismissal of his petition for a writ of habeas
corpus under 28 U.S.C. § 2241. Because Adkins' 28 U.S.C. § 2241
petition challenged the validity of his conviction and sentence,
Adkins had to show that 28 U.S.C. § 2255 provided him with an
inadequate or ineffective remedy. Tolliver v. Dobre, 211 F.3d
876, 878 (5th Cir. 2000). "[T]he savings clause of [28 U.S.C.]

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Adkins argues that the indictment was defective and in violation of the fair warning, Accardi v. Shaughnessy,[**] and no evidence doctrines because it failed to allege all elements of the offenses charged. Thus, he pleaded guilty to non-existent offenses and was actually innocent.

Adkins' claims are not based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense. See Reyes-Requena, 243 F.3d at 904. To the extent that his claims are based upon the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), Apprendi does not apply retroactively to cases on collateral review and an Apprendi claim does not satisfy the test for filing a 28 U.S.C. § 2241 petition under the savings clause. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002). Accordingly, Adkins fails to qualify for relief under 28 U.S.C. § 2255's savings clause provisions. The district court's dismissal of Adkins' 28 U.S.C. § 2241 petition is

---

[**]347 U.S. 260 (1954).

therefore AFFIRMED.  Adkins' motion for leave to file a reply brief out of time is DENIED.

AFFIRMED; MOTION DENIED.