United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41272
Conference Calendar

———————————————

NHAN KHIEM TRAN, also known
as Tony Tran, also known as
Larry Tran,

                                        Petitioner-Appellant,

versus

SUZANNE HASTINGS, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-39
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Nhan Khiem Tran, federal prisoner # 48684-079, appeals the
district court's denial of his 28 U.S.C. § 2241 habeas petition
challenging his conviction for conspiracy to possess with intent
to distribute 3,4 methylenedioxy amphetamine ("MDA"), possession
with intent to distribute MDA, and attempted possession with
intent to distribute MDA.  Relying on United States v. Doggett,
230 F.3d 160 (5th Cir. 2000), Tran argues that his indictment

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contained a jurisdictional defect because it did not charge the drug quantity involved in the offense.  He argues that he has no remedy under 28 U.S.C. § 2255, and therefore he is entitled to seek relief under 28 U.S.C. § 2241 pursuant to the savings clause of 28 U.S.C. § 2255.

A federal prisoner may use 28 U.S.C. § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandate of the savings clause of 28 U.S.C. § 2255.

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Although Tran's appeal focuses on our decision in Doggett, in the district court he relied on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), which was the basis for our Doggett decision.  Apprendi does not apply retroactively to cases on collateral review, and an Apprendi claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause.  See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002), cert. denied, 537 U.S. 1241 (2003).  Therefore, Tran's claims do not fall within the savings clause of 28 U.S.C. § 2255.

AFFIRMED.