United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20701
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHEILA TRAHAN

Defendant-Appellant

Appeal from the United States District Court for the
Southern District of Texas
4:06-CV-2567
4-01-CR-873

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sheila Trahan, federal prisoner # 13730-179, appeals the dismissal of her 28 U.S.C. § 2241 petition. Trahan pleaded guilty to being a felon in possession of a firearm in December 2002 and she was sentenced to a 120-month term of imprisonment. In a previous proceeding, the district court denied Trahan's request for relief under 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Trahan argues that she is entitled to a certificate of appealability (COA) on several claims that attack her conviction and her sentence. Because Trahan is proceeding under § 2241, however, she is not required to obtain a COA in order to appeal the district court's judgment. See Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 345 (5th Cir. 2002); Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997).

Trahan's § 2241-denominated petition raised an error that allegedly occurred at her sentencing. Therefore, the petition must be construed as sounding under 28 U.S.C. § 2255 unless Trahan establishes that her claim falls under the savings clause of 28 U.S.C. § 2255. See Christopher v. Miles, 342 F.3d 378, 381-82 (5th Cir. 2003). Because Trahan has not shown that the remedy provided under § 2255 is inadequate or ineffective to test the legality of her detention, she has not shown that she is entitled to bring a § 2241 petition under the savings clause of § 2255. See id. at 382; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Trahan had previously been denied relief under § 2255 and she had not obtained authorization to file a second or successive § 2255 motion. The district court therefore did not err in determining that it could not consider Trahan's filing, which it properly construed as a § 2255 motion, because it was an unauthorized successive motion. See 28 U.S.C. §§ 2244(b)(3)(A), 2255. Accordingly, the judgment of the district court is
AFFIRMED.