**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50473
Summary Calendar

DOUGLAS E CAMPBELL

Petitioner-Appellant

v.

WARDEN FNU LUNA, Federal Correctional Institute

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-569

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Douglas E. Campbell, federal prisoner # 30685-048, appeals the district court's denial of the petition for a writ of habeas corpus he filed challenging his conviction and 245-month sentence for conspiring to distribute an unspecified amount methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C), 846. Campbell argues that the district court committed numerous procedural errors in handling

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his case and erred in determining that he was not entitled to raise his claims in a 8 U.S.C. § 2241 petition.

Campbell's allegations of procedural error lack any basis in law or fact. Moreover, Campbell has not shown that the district court erred in determining that he was not entitled raise his claims in a § 2241 petition. As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Campbell has not made such a showing. Campbell argues that he may proceed under the savings clause because he intends to raise claims based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Campbell has not established that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. *Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347-48 (5th Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Campbell has not shown that he should be allowed to raise his claims in a § 2241 petition notwithstanding his failure to meet the requirements of the savings clause. Campbell has not established that his alleged actual innocence of his sentence provides a "gateway" through which the district court is authorized to review his claims or that the district court should hear his claims because he reserved the right to collaterally attack his sentence in his plea agreement. Finally, Campbell has not shown that the district court should hear his claims because the requirements of 2255's savings clause violate the Suspension Clause of the United States Constitution. *See Wesson*, 305 F.3d at 346.

As Campbell is not entitled to raise his claims in a § 2241 petition, his argument that the district court erred by failing to address his substantive

challenges to his conviction and sentence lacks merit.  The judgment of the district court is AFFIRMED.