# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2014

Lyle W. Cayce
Clerk

No. 13-11280
Summary Calendar

MIJKIA CARL WHITTAKER,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-793

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mijkia Carl Whittaker, federal prisoner # 30826-044, appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Whittaker challenged, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), the enhancement of his sentence pursuant to the Armed Career Criminal Act. The district court denied relief, concluding that such allegations should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented in a 28 U.S.C. § 2255 motion and that Whittaker had not established that he was entitled to proceed under the savings clause of § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."  A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).  Both *Alleyne*, 133 S. Ct. at 2163, and *Descamps*, 133 S. Ct. at 2282, address sentencing issues and have no effect on whether the facts of Whittaker's case would support his conviction for the substantive offense.  *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002).  Accordingly, neither *Alleyne* nor *Descamps* is a retroactively available Supreme Court decision indicating that Whittaker was convicted of a nonexistent offense.  *See id.*  The judgment of the district court is AFFIRMED.