# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

No. 14-50243
Summary Calendar

JAMES E. BAKER,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden, Federal Correctional Institution La Tuna;
UNITED STATES BUREAU OF PRISONS,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-6

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

James E. Baker, federal prisoner # 16137-064, appeals the district court's dismissal of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Baker challenged, relying on *Alleyne v. United Sates*, 133 S. Ct 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), the enhancement to his sentence pursuant to the Armed Career Criminal Act. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50243

district court denied relief, concluding that such allegations should be presented in a 28 U.S.C. § 2255 motion and that Baker had not established that he was entitled to proceed under the savings clause of § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."

A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). Both *Alleyne*, 133 S. Ct. at 2163, and *Descamps*, 133 S. Ct. at 2282, address sentencing issues and have no effect on whether the facts of Baker's case would support his conviction for the substantive offense. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Accordingly, neither *Alleyne* nor *Descamps* is a retroactively available Supreme Court decision indicating that Baker was convicted of a nonexistent offense. *See id.*

The judgment of the district court is AFFIRMED.