# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30847
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2014

Lyle W. Cayce
Clerk

ALVIN SHEROY TERRELL,

Petitioner-Appellant

v.

WARDEN C. MARIANO,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-2545

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alvin Sheroy Terrell, federal prisoner # 53907-019, appeals the district court's denial and dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief. Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Begay v. United States*, 553 U.S. 137 (2008), Terrell challenged the enhancement to his sentence pursuant to the Armed Career Criminal Act. The district court denied relief, concluding that such allegations should be presented in a 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30847

U.S.C. § 2255 motion and that Terrell had not established that he was entitled to proceed under the savings clause of § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."

A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Both *Descamps*, 133 S. Ct. at 2282, and *Begay*, 553 U.S. at 144-45, address sentencing issues and have no effect on whether the facts of Terrell's case would support his conviction for the substantive offense. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Accordingly, neither *Descamps* nor *Begay* is a retroactively available Supreme Court decision indicating that Terrell was convicted of a nonexistent offense. *See id.* The judgment of the district court is AFFIRMED. Petitioner's motion for Appointment of Counsel is DENIED.