# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10834
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2015

Lyle W. Cayce
Clerk

EMMANUEL NNAJI,

Plaintiff-Appellant

v.

RODNEY W. CHANDLER, Warden, FCI Fort Worth,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-439

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.
PER CURIAM:[*]

Emmanuel Nnaji, federal prisoner # 39011-177, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to satisfy the savings clause of 28 U.S.C. § 2255(e). Nnaji challenged his 240-month sentence for forced labor, harboring an illegal alien for financial gain, document servitude, making false statements to federal agents, and conspiracy. He contended, based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that his statutory minimum sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10834

was unconstitutionally increased based on facts not admitted or proved beyond a reasonable doubt.

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Since Nnaji sought to attack the validity of his sentence, he had to meet the requirements of the savings clause of § 2255(e) to raise his claim in a § 2241 petition. *See* § 2255(e). To meet the requirements of the savings clause of § 2255(e), Nnaji had to show that his claim was "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. 133 S. Ct. at 2163. Since the decision in *Alleyne* implicates the validity of a sentence, *Alleyne* does not establish that Nnaji was convicted of a nonexistent offense. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Therefore, the district court did not err by dismissing Nnaji's § 2241 petition for failure to satisfy the savings clause of § 2255(e).

The judgment of the district court is AFFIRMED.