United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30082
Conference Calendar

_____

LORENZO JEFFERSON,

                              Petitioner-Appellant,

versus

JOSEPH M. HARO,

                              Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1703
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Lorenzo Jefferson, federal prisoner # 08786-035, has

appealed the district court's judgment dismissing his application

for a writ of habeas corpus challenging his March 28, 1995,

convictions for conspiracy to possess with intent to distribute

cocaine base and possession with intent to distribute a

controlled substance.  Jefferson contends that he should be

permitted to proceed under 28 U.S.C. § 2241 under the Savings

Clause of 28 U.S.C. § 2255 because he is innocent in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000).  Jefferson's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by <u>Wesson v. United States Penitentiary Beaumont, TX</u>, 305 F.3d 343, 347 (5th Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 1374 (2003).

Previously, this court refused to permit Jefferson to file a second or successive motion under 28 U.S.C. § 2255. <u>See</u> 28 U.S.C. § 2244(b). Jefferson contends that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") violates his rights under the Ex Post Facto Clause and that the AEDPA violates the Suspension Clause. We need not consider these issues because they have been raised for the first time on appeal, <u>see</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), and because they are not pertinent to the question whether Jefferson should be permitted to proceed under 28 U.S.C. § 2241. The issues are without merit, in any event. <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 663-64 (1996); <u>see also</u> <u>Wesson</u>, 305 F.3d at 347; <u>Graham v. Johnson</u>, 168 F.3d 762, 786 (5th Cir. 1999).

Because Jefferson's appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); <u>see also</u> 5TH CIR. R. 42.2.

APPEAL DISMISSED.