United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30804
Conference Calendar

DAVID SOLAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; CARL CASTERLINE,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-1168
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Solan (Solan), federal prisoner #15985-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged the sentences for his convictions on one count pursuant to 18 U.S.C. § 924(b) (transportation of firearms and ammunition with intent to commit a felony) and ten counts pursuant to 18 U.S.C. § 1958 (use of interstate facilities in a murder-for-hire scheme).  Solan argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in using acquitted conduct and unindicted conduct to justify making an upward departure in his sentence.

Solan is not entitled to relief pursuant to the savings clause because his claim is not based on a retroactively applicable Supreme Court decision which establishes his innocence. Additionally, Solan's claim was not foreclosed by circuit law at the time of his trial, appeal, or first § 2255 motion. *See* Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). In fact, Solan acknowledges that he raised the instant claim on direct appeal and in his first § 2255 motion. The fact that Solan was unsuccessful in his first § 2255 motion or the inability of him to meet AEDPA's "second or successive" requirement does not make § 2255 inadequate or ineffective. *See* Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001).

Solan's argument for the expansion of § 2255's savings clause beyond the criteria established by this court in Reyes-Requena has already been rejected in Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 348 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1374 (2003). Solan does not raise on appeal his claim that he is entitled to relief because he is imprisoned in violation of the International Convention on Civil and Political Rights. It is therefore deemed abandoned, and this court need not address it. *See* Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Based on the foregoing, the district court's dismissal of Solan's 28 U.S.C. § 2241 petition is AFFIRMED.