United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40130
Conference Calendar

BERNARD J. DOLENZ,

Petitioner-Appellant,

versus

R.D. MILES, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1420
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bernard J. Dolenz, federal prisoner # 31480-077, filed an action in the district court invoking 28 U.S.C. § 2241. Because Dolenz's action attacked the legality of the conviction and sentence for mail fraud, the district court construed the action as a 28 U.S.C. § 2255 motion and dismissed it as an unauthorized successive § 2255 motion. Dolenz has appealed the judgment and the district court's order denying Dolenz's motion under FED. R. CIV. P. 59(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dolenz's contention that the trial court lacked jurisdiction because of defects in the indictment is foreclosed by United States v. Cotton, 535 U.S. 625 (2002).  See Wesson v. United States Penitentiary Beaumont, Tex., 305 F.3d 343, 346 (5th Cir. 2002).  Dolenz has not shown that the savings clause of § 2255 applies to his claim of actual innocence.  See id.; Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Dolenz asserts for the first time on appeal that his sentence is illegal in light of Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).  This argument implicates the Court's decision in United States v. Booker, 543 U.S. 220 (2005).  Booker claims do not fall under the savings clause of § 2255.  See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005); see also Wesson, 305 F.3d at 348.

Dolenz's contention that the savings clause violates the Suspension Clause of the United States Constitution is foreclosed.  See Wesson, 305 F.3d at 347.

Because Dolenz has not shown that the district court erred in determining that he could not assert his claims in a § 2241 proceeding under the savings clause of § 2255, Dolenz's contentions that his restitution order and prison sentence violate the constitutional prohibition against cruel and unusual punishment and that he received ineffective assistance of counsel have not been considered.  The judgment is affirmed.  Because Dolenz has not shown that the interests of justice require

appointment of counsel, <u>see</u> <u>Schwander v. Blackburn</u>, 750 F.2d 494, 502 (5th Cir. 1985), his motion for appointment of counsel is denied.

AFFIRMED; MOTION DENIED.