

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# Madden v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5543

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Madden v. Holt" (2006). *2006 Decisions.* Paper 849.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/849

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5543
_____

TOY BURTRON MADDEN,
Appellant
vs.

RONNIE R. HOLT, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-01741)
District Judge: Honorable James F. McClure Jr.

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2006
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

Filed  June 22, 2006

_____

OPINION
_____

PER CURIAM.

Toy Burtron Madden appeals pro se from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas petition.  We

will affirm.

1

In 1995, Madden was convicted in the United States District Court for the District of Maryland of two counts of bank robbery and was sentenced to a prison term of 240 months. His conviction and sentence were affirmed on direct appeal. Madden unsuccessfully pursued numerous attempts at post-conviction relief within this Circuit and the Fourth Circuit.

In August 2005, Madden commenced the present action in the Middle District of Pennsylvania by filing a petition pursuant to 28 U.S.C. § 2241.[1] He claims that § 2255 relief is an inadequate or ineffective remedy to challenge his sentence, that United States v. Booker, 543 U.S. 220 (2005), applies retroactively to cases like his on collateral review, and that under Booker he is actually innocent. Madden also raises an ineffective assistance of counsel claim and challenges his conviction under the International Covenant on Civil and Political Rights ("ICCPR"). On December 8, 2005, the District Court adopted a Magistrate Judge's recommendation and dismissed Madden's petition. It concluded that Madden failed to demonstrate that § 2255 would be "inadequate or ineffective" to test the legality of his detention, and that habeas relief is not available for a violation of the ICCPR, because it is not self-executing. Madden appealed.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v.

_____

[1] Although Madden styled the petition as filed under "Article I, sec. 9, clause 2" of the United States Constitution, the Magistrate Judge and the District Court properly treated it as brought pursuant to § 2241.

2

United States, 417 U.S. 333, 343 (1974).  A habeas petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the] detention."  See 28 U.S.C. § 2255 ¶ 5.   A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Madden has not demonstrated such a limitation in § 2255's scope or procedure here.  His § 2241 petition raises no claims which could not have been presented in a motion pursuant to § 2255.  Madden makes no allegation that he is actually innocent of the crime for which he was convicted. Furthermore, with respect to Madden's ICCPR claim, we note that treaty violations may be raised in § 2255 motion.  See Wesson v. U.S. Penitentiary Beaumont, Texas, 305 F.3d 343, 348 (5th Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 344 (1974).[2]

---

[2]  We also agree with the District Court that habeas relief is not available for a violation of the ICCPR because it is not self-executing.  See Wesson, 305 F.3d at 348.

Therefore, the exception identified in In re Dorsainvil is simply inapplicable.

Because the petition was properly dismissed and no substantial question is presented by this appeal, the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.