

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# White v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"White v. Holt" (2007). *2007 Decisions*. Paper 1714.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1714

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3632
_____

JOHN WAYNE WHITE,
                    Appellant

vs.

RONNIE HOLT,
Warden, F.C.I. Schuylkill

_____
On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-01992)
District Judge: Honorable Yvette Kane

_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2007
Before:  SCIRICA, CHIEF JUDGE, WEIS AND GARTH, CIRCUIT JUDGES.

(Filed: January 31, 2007)
_____

OPINION
_____

PER CURIAM.

        John Wayne White appeals pro se from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas petition filed

pursuant to 28 U.S.C. § 2241.  We will affirm.

1

In 1996, White was convicted in the United States District Court for the Western District of North Carolina of conspiracy to possess with intent to distribute heroin, cocaine base, cocaine powder, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to a prison term of 292 months. The Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. White then unsuccessfully pursued a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, and he later unsuccessfully pursued a motion pursuant to § 2244 for an order authorizing the sentencing court to consider a second or successive § 2255 motion.

White, who is an inmate of the Federal Correctional Institution-Schuylkill at Minersville, Pennsylvania, filed in the District Court the underlying section 2241 habeas petition in October 2005. In his habeas petition, White raised challenges to his conviction and sentence under the International Covenant on Civil and Political Rights ("ICCPR"). Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), White argued that his conviction is invalid because the quantity of drugs involved in the offenses is an essential element of the crimes to be submitted to the jury for a finding beyond a reasonable doubt, noting that his sentence was increased based on drug quantity findings. White thus argued that he is actually innocent of the of the conduct for which he was convicted. On November 28, 2005, the District Court dismissed White's section 2241 petition, concluding that White had failed to demonstrate that section 2255 is inadequate or ineffective such that he should be allowed to proceed under section 2241. The District Court denied White's

2

motion for reconsideration.

White appeals. The appellee has filed a motion for summary action, to which White has filed a response. White has also filed a "Motion to Clarify Violations of Statute and Jurisdiction of Prosecutor to Represent Warden Relating to 28 U.S.C. § 2241 Proceedings."

A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

3

We agree with the District Court that White's situation is not the rare one rendering section 2255 inadequate or ineffective. Indeed, we have held that section 2255 is not inadequate or ineffective for a federal prisoner seeking to raise an Apprendi claim in a section 2241 proceeding. Okereke, 307 F.3d at 120-21. As in Apprendi, the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), did not change the substantive law as to the elements of the offenses for which White was convicted.[1] Furthermore, with respect to White's claim that his conviction and sentence violate the ICCPR, we note that treaty violations may be raised in a section 2255 motion. See Wesson v. U.S. Penitentiary Beaumont, Texas, 305 F.3d 343, 348 (5th Cir. 2002) (per curiam) (citing Davis v. United States, 417 U.S. at 344).[2]

Finally, White's assertion of actual innocence does not alter our conclusion that the District Court properly denied consideration of his claims under section 2241. White's argument is one of legal innocence, not factual innocence, based on the erroneous premise that Apprendi and Booker apply retroactively to cases on collateral review. See Lloyd v. United States, 407 F.3d 608, 613-15 (3d Cir. 2005) (holding that Booker is not retroactively applicable to cases on collateral review); United States v.

---

[1] White argues that, despite his references to the Apprendi and Booker decisions, he does not in fact rely on these rulings, and that his section 2241 claim is therefore not precluded. We are unpersuaded by this assertion.

[2] We also note that habeas relief is not available for a violation of the ICCPR because it is not self-executing. See Wesson, 305 F.3d at 348.

4

Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (holding that Apprendi is not retroactively applicable to cases on collateral review). White's actual innocence argument is unavailing in this proceeding.

Because no substantial question is presented by this appeal, we will grant the appellee's motion for summary action and affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. White's Motion to Clarify is denied.