IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 07-50304
Conference Calendar

ISRAEL ESPERICUETA

Petitioner-Appellant

v.

WARDEN JOHN B FOX

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-521

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Israel Espericueta, federal prisoner # 59164-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his convictions and sentences for conspiracy to possess with intent to distribute cocaine, conspiracy to launder money, and aiding and abetting money laundering. The district court determined that Espericueta's claims should have been brought under 28 U.S.C. § 2255 and that Espericueta had not shown that he was entitled to bring his claims under the savings clause of § 2255.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Espericueta argues that he was entitled to raise his claims under § 2241 because (1) he was factually and actually innocent of the firearms possession on which an enhancement of his sentence under the Sentencing Guidelines was based; and (2) his remedies under § 2255 are inadequate or ineffective because he has already filed a § 2255 motion and his claims do not meet the standard for filing a successive § 2255 motion. Because Espericueta's challenge to the sentencing court's application of the Guidelines is not based on a retroactively applicable Supreme Court decision establishing that the offenses of which he was convicted no longer qualify as violations of law, he has not shown that the district court's determination that he was not entitled to bring his claims under the § 2255 savings clause was erroneous. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Furthermore, a prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make the § 2255 remedy inadequate or ineffective. See Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Espericueta also argues that because the district court determined that he failed to meet the Reyes-Requena test, the application of § 2255 to his case impermissibly violated his constitutional rights under the First Amendment and the Suspension Clause to file a habeas petition. Reyes-Requena is binding precedent, and the savings clause of § 2255 does not unconstitutionally suspend a prisoner's right to seek a writ of habeas corpus. Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 346-47 (5th Cir. 2002).

AFFIRMED.