# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-41253
Conference Calendar

JACK RAY AUSTIN

Petitioner-Appellant

v.

PAUL KASTNER

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-122

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jack Ray Austin, federal prisoner # 18077-076, is appealing the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Austin is challenging his 18 U.S.C. § 924(c) conviction for brandishing a firearm in furtherance of a bank robbery and the sentences imposed for his convictions for bank robbery and for the § 924(c) offense. He argues that he should not be precluded from seeking § 2241 relief for violations of his constitutional rights based on the criteria

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

announced in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence, and relief is reserved for errors that occurred at trial or sentencing. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandate of the so-called § 2255 'savings clause.'" Reyes-Requena, 243 F.3d at 901. Under the savings clause of § 2255(e), a federal prisoner may bring a writ of habeas corpus under § 2241 if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." Id. (citing § 2255). The savings clause thus applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 904.

The court has determined that the requirements of the savings clause under § 2255 do not violate the Suspension Clause or the Due Process Clause. Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 346-47 (5th Cir. 2002). Austin's claim that Reyes-Requena impermissibly deprived him of his right to seek habeas relief is without merit. Id.

Austin argues that he received an enhanced sentence in violation of his Fifth and Sixth Amendment rights because the district court relied on factors not admitted or proved to a jury. Austin relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), to support his argument. The holdings in Blakely or Apprendi are not retroactively applicable to cases on collateral § 2241 review. See Wesson, 305 F.3d at 347; Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005). Further, a successful argument regarding the enhancement of his sentence would not establish that

Austin was convicted of a nonexistent offense. Padilla, 416 F.3d at 427. Austin has not shown that this claim meets the criteria set out in Reyes-Requena.

Austin also argues that he is innocent of the § 924(c) offense because the indictment did not charge the type of firearm used in furtherance of the bank robbery, which was an element of the offense that was required to be proved or admitted. Austin has not demonstrated that a Supreme Court decision has been retroactively applied to support his assertion that he was convicted of a nonexistent firearm offense. Austin has not demonstrated that this claim falls within the savings clause of § 2255(e). See Reyes-Requena, 243 F.3d at 904. The district court did not err in dismissing Austin's § 2241 habeas petition.

AFFIRMED.