# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-51373
Conference Calendar

ADAN CHAVEZ

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-706

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Adan Chavez, federal prisoner # 51181-079, appeals from the denial of his 28 U.S.C. § 2241 petition, in which he challenged his sentence following his convictions for conspiracy to possess with intent to distribute cocaine and marijuana, possession with intent to distribute cocaine, and possession with intent to distribute marijuana. The district court determined that Chavez's claims would be properly raised in a 28 U.S.C. § 2255 motion and that Chavez could not proceed under § 2255's savings clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chavez asserts that he is "actually innocent" of the sentence he received because the trial court calculated the drug quantity and imposed a role enhancement by using a preponderance-of-the-evidence standard, that the court wrongly denied him a minor-role reduction and imposed the supervisory enhancement, and that he should have been sentenced to no more than 20 years in prison based on the relevant quantity of cocaine. He maintains that he was unable to raise his claims in his initial § 2255 motion because he was denied an opportunity to respond to the Government's answer in that proceeding. The district court did not err in concluding that Chavez's claims were not properly raised under § 2241. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). To the extent that Chavez's underlying arguments can be read as arising under United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), he may not proceed under the savings clause of § 2255. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005); Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002).

Chavez also argues that he is entitled to relief under Amendments 706 and 709 of the Sentencing Guidelines, which he asserts were not available to him earlier. We will not consider Chavez's claims, raised for the first time before this court. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). The judgment of the district court is AFFIRMED.