**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-40362
Summary Calendar

BERNARD VINCENT MONTGOMERY

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-880

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bernard Vincent Montgomery, federal prisoner # 53653-146, appeals the district court's denial of the petition for a writ of habeas corpus he filed challenging his convictions and life sentence for conspiracy to manufacture methamphetamine, conspiracy to distribute methamphetamine, conspiracy to import methamphetamine, distribution of methamphetamine, and possession of a precursor chemical with intent to manufacture methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Montgomery argues that the district court erred in determining that he was not entitled to raise his claims in a 28 U.S.C. § 2241 petition.

Montgomery has not shown that the district court erred in its determination. As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his convictions or sentence must file a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Montgomery has not made such a showing. Montgomery argues that he should be allowed to proceed under § 2241, despite his inability to satisfy the test of *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), because he has not been allowed to proceed under § 2255 with his evidence of his innocence. His inability to meet the requirements for filing a successive § 2255 motion does not render § 2255 inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000).

Montgomery has not shown that he should be allowed to raise his claims in a § 2241 petition notwithstanding his failure to meet the requirements of the savings clause. He has not established that his alleged actual innocence provides a "gateway" through which the district court is authorized to review his claims. Additionally, Montgomery has not shown that the district court should hear his claims because the requirements of § 2255's savings clause violate the Suspension Clause of the United States Constitution. *See Wesson v. United States Penitentiary Beaumont, Tex.*, 305 F.3d 343, 347 (5th Cir. 2002). The judgment of the district court is AFFIRMED.