# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 10-40979
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM EDWARDS,

Petitioner-Appellant

v.

JODY R. UPTON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-448

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

William Edwards, federal prisoner # 00212-748, appeals the district court's denial of the petition for a writ of habeas corpus he filed challenging his conviction and 245-month sentence for conspiracy to distribute narcotics. *See United States v. Hoover*, 246 F.3d 1054, 1057 (7th Cir. 2001). He maintains that the district court erred in determining that he was not entitled to raise his challenge to the introduction of evidence at his trial and sentencing in a 28 U.S.C. § 2241 petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40979

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Edwards has not made such a showing, as he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Although Edwards maintains that the district court lacked the authority to consider his § 2241 petition as a proceeding arising under § 2255, he is incorrect. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

Edwards contends that he may proceed under § 2241 because he was "actually innocent" of a firearm enhancement used to increase his sentence, which was based on evidence that a state court had found to be illegally obtained. He has not established that his alleged actual innocence of his sentence provides a "gateway" through which the district court is authorized to review his claims. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Additionally, Edwards has not shown that the district court should hear his claims because the requirements of § 2255's savings clause violate the Suspension Clause of the United States Constitution. *See Wesson v. U.S. Penitentiary Beaumont, Tex.*, 305 F.3d 343, 346-47 (5th Cir. 2002). Consequently, the judgment of the district court is AFFIRMED.