# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2012

Lyle W. Cayce
Clerk

No. 11-41335
Summary Calendar

ROBERT JAMES MCDEARMON,

Petitioner-Appellant

v.

MARK MARTIN,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-412

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Robert James McDearmon, federal prisoner # 44489-112, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions and sentence for federal child pornography offenses.  Citing *Bond v. United States*, 131 S. Ct. 2355 (2011), and *Ex parte Siebold*, 100 U.S. 371, 376 (1880), he claims that he is entitled to immediate release from prison because Congress exceeded its powers under the Constitution in enacting the federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

child pornography statutes. He also asserts that the denial of his § 2241 petition violates the Suspension Clause of the Constitution.

McDearmon's statement that he is not challenging his convictions and sentence is inaccurate because he challenged his incarceration, and he is incarcerated under the authority of a judgment of conviction and sentence. Accordingly, he must show that his claim falls under the savings clause of 28 U.S.C. § 2255 for it to be cognizable in a § 2241 petition. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

As McDearmon has not shown that a previously unavailable Supreme Court case has decriminalized his offense conduct, he cannot challenge his convictions in a § 2241 petition under the savings clause of § 2255. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). Moreover, the restrictions on federal prisoners' entitlement to obtain relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 909 n.19 (5th Cir. 2001). The district court's judgment is AFFIRMED.