# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2012

Lyle W. Cayce
Clerk

No. 11-50903
Summary Calendar

JAMES RAYMOND NIBLOCK,

Petitioner-Appellant

v.

WARDEN CLAUDE MAYE, Bastrop Federal Correctional Institution Bastrop, Texas,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-539

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Raymond Niblock, federal prisoner # 45816-083, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Niblock argues that his challenge to a conflict between the oral and written judgments was properly brought in a § 2241 petition because the error occurred after the sentencing proceeding. He further reasserts the substance of the claim, alleging that the conflict between the judgments constitutes error. Niblock also contends

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he is actually innocent of the offense of conviction because the Government withheld favorable evidence.  Because he is alleging a claim of actual innocence, Niblock asserts that the savings clause of § 2255 is applicable.  Additionally, Niblock contends that his trial counsel rendered ineffective assistance by failing to communicate to him a favorable plea offer, and only his recent discovery of this fact allowed him to raise this claim in a § 2241 petition.

Under § 2241, we review findings of fact for clear error and conclusions of law de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).  Because Niblock's § 2241 claims attacked the validity of his conviction and sentence, the district court did not err in determining that the claims would be properly brought in a § 2255 motion.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e).  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  The petitioner shoulders the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

Niblock has not shown that his claim "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense."  *See Reyes-Requena*, 243 F.3d at 904.  Thus, he has not shown that he is entitled to proceed under the savings clause of § 2255.  *See* § 2255(e); *Reyes-Requena*, 243 F.3d at 904.  To the extent that Niblock argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, we have "held that the savings clause under § 2255 does not violate the Suspension Clause."  *Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002) (relying on *Reyes-Requena*, 243 F.3d at 901 n.19)).

Accordingly, the judgment of the district court is AFFIRMED.