**Paul NEWTON, Petitioner–Appellant**

v.

**Claude MAYE, Warden, FCI Bastrop, Respondent–Appellee.**

No. 12–50623

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 22, 2013.

Paul Newton, BASTROP, TX, pro se.

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM: *

Paul Newton, federal prisoner # 06945–028, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his sentence for being a felon in possession of a firearm. Newton argued that he was actually innocent of his enhanced sentence under the Armed Career Criminal Act because his prior state convictions do not qualify as crimes of violence.

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion. *Reyes–Requena v. United States,* 243 F.3d 893, 900–01 (5th Cir.2001). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."

§ 2255(e). Newton has not made such a showing.

A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, is not the type of claim that warrants review under § 2241. *See Kinder v. Purdy,* 222 F.3d 209, 213–14 (5th Cir.2000); *Padilla v. United States,* 416 F.3d 424, 426–27 (5th Cir.2005). Newton's assertion that the dismissal of his § 2241 petition would impermissibly suspend the writ of habeas corpus is foreclosed by our precedent. *See Wesson v. U.S. Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir.2002). Finally, Newton argues that the Supreme Court's grant of certiorari in *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 420, 184 L.Ed.2d 252 (2012), might affect his case. However, until the Supreme Court has ruled in *Alleyne,* this claim is speculative and does not provide any basis for relief. *See Lincecum v. Collins,* 958 F.2d 1271, 1279–80 (5th Cir.1992).

As Newton has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e), the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.