**William Larnell ECKLES, Jr., Petitioner–Appellant**

v.

**Rodney W. CHANDLER, Respondent–Appellee.**

No. 14–10184
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 1, 2014.

William Larnell Eckles, Jr., Fort Worth, TX, pro se.

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

William Larnell Eckles, Jr., federal prisoner # 16441–058, appeals from the order of the district court denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Eckles argues that he is actually innocent of the federal drug offense for which he was convicted because he did not admit the drug quantity alleged in his indictment and it was not proven to a jury.

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of 28 U.S.C. § 2255. *Kinder v. Purdy,* 222 F.3d 209, 212 (5th Cir.2000). The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir.2001). A prisoner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden. *Pack v. Yusuff,* 218 F.3d 448, 452–53 (5th Cir.2000). Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes–Requena,* 243 F.3d at 904.

Eckles cites to *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in support of his claim of actual innocence. In *Alleyne,* the Supreme Court held that facts that increase a mandatory minimum sentence are elements of the offense and must be submitted to a jury to be proved beyond a reasonable doubt or admitted by the defendant. 133 S.Ct. at 2155, 2163. That decision does not support a holding that Eckles's claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised. *See Reyes–Requena,* 243 F.3d at 904; *Wesson v. U.S. Penitentiary Beaumont, TX,* 305 F.3d 343, 348 (5th Cir.2002).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.