# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2014

Lyle W. Cayce
Clerk

No. 14-30524
Summary Calendar

TERRELL EMIL MICKELS, also known as Terrence Emil Nickson,

Plaintiff-Appellant

v.

K. ASK-CARLSON; OSCAR JOLIMO PALACIOS; MAURICE SANDFORD; JOHN T. MOORE; RICK GASTINE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2988

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Terrell Emil Mickels, federal prisoner # 11733-003, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to satisfy the savings clause of 28 U.S.C. § 2255(e). Mickels challenged his 188-month sentence for possession with intent to distribute crack cocaine. He contended, based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that his statutory minimum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was unconstitutionally increased based on facts not admitted or proved beyond a reasonable doubt.

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Since Mickels sought to attack the validity of his sentence, he had to meet the requirements of the savings clause of § 2255(e) to raise his claim in a § 2241 petition. *See* § 2255(e). To meet the requirements of the savings clause of § 2255(e), Mickels had to show that his claim was "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. 133 S. Ct. at 2163. Since the decision in *Alleyne* implicates the validity of a sentence, *Alleyne* does not establish that Mickels was convicted of a nonexistent offense. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Therefore, the district court did not err by dismissing Mickels's § 2241 petition for failure to satisfy the savings clause of § 2255(e).

The judgment of the district court is AFFIRMED.