# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2014

KEVIN FELTS,

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

WARDEN FCC POLLOCK CAMP,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2605

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kevin Felts, federal prisoner # 45128-079, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to satisfy the savings clause of 28 U.S.C. § 2255(e). Felts challenged his 210-month sentence for conspiracy to commit money laundering and possession of a firearm by a convicted felon. He contended that the enhancements to his sentence were unconstitutional based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30475

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Since Felts sought to attack the validity of his sentence, he had to meet the requirements of the savings clause of § 2255(e) to raise his claim in a § 2241 petition. *See* § 2255(e). To meet the requirements of the savings clause of § 2255(e), Felts had to show that his claim was (i) "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. 133 S. Ct. at 2163. Since the decision in *Alleyne* implicates the validity of a sentence, *Alleyne* does not establish that Felts was convicted of a nonexistent offense. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Therefore, the district court did not err by dismissing Felts's § 2241 petition for failure to satisfy the savings clause of § 2255(e).

The judgment of the district court is AFFIRMED. Felts's motion for appointment of counsel is DENIED.