# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2016

Lyle W. Cayce
Clerk

JACK RAY CARR,

Petitioner-Appellant

v.

WARDEN MARCUS MARTIN,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-939

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jack Ray Carr, federal prisoner # 05898-095, filed a 28 U.S.C. § 2241 petition challenging his convictions of various tax violations on jurisdictional grounds. The district court dismissed the § 2241 petition as frivolous because Carr failed to satisfy the savings clause of 28 U.S.C. § 2255. The district court further construed the petition as a motion to vacate the judgment under § 2255 and dismissed the motion for lack of jurisdiction. Carr argues that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdictional challenges to his convictions are properly brought in a § 2241 petition.  He also argues that the denial of the § 2241 petition resulted in a de facto suspension of his right to habeas relief, in violation of his constitutional rights.

Carr's § 2241 petition challenged the validity of his underlying conviction and, as such, he was required to satisfy the savings clause of § 2255 in order to bring his claims in a § 2241 petition.  *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).  Carr failed to do so.  *See Reyes-Requena*, 243 F.3d at 901.  Accordingly, the district court did not err in dismissing Carr's § 2241 petition as frivolous.  *See Pack v. Yuseff*, 218 F.3d 448, 452 (5th Cir. 2000).  Because the district court was not the sentencing court in this case, there was no error in the dismissal of Carr's § 2255 motion for lack of jurisdiction.  *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Carr's contention that the dismissal of his § 2241 petition impermissibly suspended the writ of habeas corpus lacks merit.  We have held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause.  *See Wesson*, 305 F.3d at 347; *Reyes-Requena*, 243 F.3d at 901 n. 19.

The judgment of the district court is AFFIRMED.